Michael W. KAVANAUGH,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 10A05–9609–CR–358.

Court of Appeals of Indiana.

June 10, 1998.

Jeffrey D. Stonebraker, Chief Public Defender, Vicki L. Carmichael, Assistant Public Defender, Jeffersonville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Following a jury trial, Michael W. Kavanaugh appeals his conviction for Child Molesting, a class C felony.[1] He raises two issues on appeal which we restate as:

I. Whether the trial court abused its discretion by allowing a family therapist to testify regarding admissions Kavanaugh made to his attorney while in the therapist's presence.

II. Whether the trial court erred by refusing to grant Kavanaugh a mistrial after a State witness offered testimony which contravened a previously granted Motion in Limine.

We affirm.

In October 1992, the eleven-year-old victim informed her mother that her step-father, Kavanaugh, had molested her. The victim's mother informed the sheriff's office, and the victim was placed in protective custody. Later, the victim was declared a child in need of services ("CHINS"), and as part of a dispositional decree associated therewith, Kavanaugh, the victim, and the victim's mother were ordered to attend family counseling.

Scott Phillips, the family therapist, testified that in the initial therapy session Kavanaugh expressed an opinion that as long as he participated in counseling "there would be no legal ramifications." Record at 167. In order to make clear to Kavanaugh that the therapy sessions were not being conducted in lieu of prosecution, a meeting was scheduled. Phillips, Kavanaugh, the victim's mother, Kavanaugh's attorney, and representatives of the Clark County Division of Family and Children Services ("CCDFCS") all attended this meeting.

At the meeting, Phillips indicated he was recommending that Kavanaugh attend perpetrator counseling. Phillips testified that Kavanaugh's attorney seemed surprised by the recommendation. Phillips then took the attorney aside and told him that Kavanaugh had made admissions during earlier therapy sessions. The attorney requested that the CCDFCS representatives leave the room. The attorney then asked Kavanaugh, in the presence of Phillips and the victim's mother, "Did you admit to this," to which Kavanaugh responded, "Yes." Record at 170.

Later, Kavanaugh was charged with Child Molesting. Kavanaugh sought to prevent the State from introducing Phillips' testimony regarding Kavanaugh's admission to his attorney, but the trial court allowed the testimony. Kavanaugh was convicted; this appeal followed.

1. IND.CODE § 35–42–4–3(b) (1988).

## I.

### *Privilege*

■ Kavanaugh argues that the trial court erred by allowing Phillips to testify regarding Kavanaugh's admission to his attorney. The trial court has broad discretion in ruling on the admissibility of evidence, and we will disturb its ruling only upon a showing of abuse of discretion. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind.1997), *reh. denied.* Reversal is appropriate only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Communications to a family therapist in the therapist's official capacity are privileged and may not be disclosed by the therapist, except under certain enumerated circumstances. IND.CODE § 25–23.6–9–1 (1993) (repealed 1997) (replaced by IND.CODE § 25–23.6–6–1 (Supp.1997)). Kavanaugh contends that his response to his attorney's question, made in Phillips' presence, falls within this privilege and was inadmissable at trial. We do not agree.

■ First, the trial court concluded that the meeting at which Kavanaugh made his admission was not a therapy session. Phillips testified that the meeting in question was held, not for the purpose of family therapy, but instead to inform Kavanaugh that he would be subject to criminal prosecution regardless of his participation in therapy. This view, that the meeting was not a therapy session, is supported by the fact that Kavanaugh's attorney and CCDFCS officials were present, individuals who would not normally be expected to participate in family therapy. Too, the victim, who was required by the CHINS dispositional decree to attend the family counseling sessions, was not present at the meeting.

To the extent that Phillips and Kavanaugh were not engaged in therapy, Phillips cannot be said to have functioned in his "official capacity" such that communications with his patient would be privileged. IC 25–23.6–9–1. We think it important to note that merely labeling a particular meeting as "non-therapy" does not eliminate the privilege. Here, however, the evidence strongly supports the conclusion that a meeting was conducted for non-therapeutic reasons, outside the scope of

a normal therapist-client relationship. The trial court did not abuse its discretion in concluding that the meeting was not for the purpose of therapy.

Second, Kavanaugh's admission was not a communication which would be protected by the therapist-client privilege since Kavanaugh was responding to a question asked by his attorney. The therapist-client privilege applies only to communications between the client and the therapist. IC 25–23.6–9–1. Kavanaugh's attorney asked him, in the presence of Phillips and Kavanaugh's wife, "Did you admit to this," to which Kavanaugh responded, "Yes." This was not a communication between therapist and client; it was a communication between attorney and client. Thus, the admission was not protected by the therapist-client privilege.

■ Kavanaugh argues that he had a reasonable expectation of privacy since the only people in the room were his therapist, his attorney, and his wife. We do not doubt that Kavanaugh expected confidentiality when he made his admission, but evidentiary privileges are not created based upon a person's expectation of privacy. Privileges are created by statutes, *Scroggins v. Uniden Corp. of America*, 506 N.E.2d 83, 85 (Ind.Ct.App. 1987), *trans. denied*, which must be strictly construed. *Id.* at 86. Here, a privilege exists only for communications made to a therapist in his official capacity. IC 25–23.6–9–1. Kavanaugh was neither communicating with his therapist nor was the session therapy.

Finally, Kavanaugh contends that Phillips should have been prevented from testifying since his admission was obtained only as a result of Phillips' breaching his duty of confidentiality. During the meeting, Phillips took Kavanaugh's attorney aside and told him that Kavanaugh had made admissions during previous counseling sessions. Kavanaugh argues that if Phillips had not told his attorney about the earlier therapy sessions, his attorney would not have asked Kavanaugh the question which prompted his non-privileged admission. As such, Kavanaugh contends that his admission should be excluded as "fruits of the poisonous tree." Appellant's Brief at 10.

Assuming *arguendo* that Phillips breached his duty of confidentiality, Kavanaugh's at-

torney should have known not to ask such a critical question in Phillips' presence. It was this mistake, not Phillips' own breach, which led to Kavanaugh's damaging admission. Moreover, Kavanaugh has cited no authority, and we can find none, for his argument that his admission should be excluded as "fruits of the poisonous tree."[2] We hold that the trial court did not abuse its discretion by allowing Phillips to testify regarding Kavanaugh's admission.

## II.

### *Mistrial*

Kavanaugh contends that the trial court erred by denying his request for a mistrial following a portion of Phillips' testimony which violated a previously granted Motion in Limine. Prior to trial, the court indicated that Phillips could answer a question regarding the substance of Kavanaugh's admission as follows: "[Kavanaugh's attorney] said, 'so did you do this', and [Kavanaugh] said, 'yes.'" Record at 287. At trial, Phillips actually testified as follows: "[Kavanaugh's attorney] asked Mr. Kavanaugh if he had, I can't remember the specifics, if he had molested or done or had done this and Mr. Kavanaugh stated...." Record at 336. Kavanaugh's trial attorney then objected and requested a mistrial. The trial court refused to grant a mistrial but instead admonished the jury to disregard Phillips' use of the word "molested."

The trial court's determination of whether to grant a mistrial is afforded great deference on appeal because the trial court is in the best position to evaluate the relevant circumstances of an event and its impact on the jury. *Bradley v. State*, 649 N.E.2d 100, 107 (Ind.1995), *reh. denied.* To prevail on appeal from the denial of a motion for mistri-

al, the appellant must demonstrate the statement or conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Id.* However, mistrial is an extreme remedy invoked only when no other measure can rectify the perilous situation. *Id.* We determine the gravity of the peril based upon the probable persuasive effect of the misconduct on the jury's decision rather than upon the degree of impropriety of the conduct. *Id.* at 107–08. Moreover, reversible error is seldom found when the trial court had admonished the jury to disregard a statement made during the proceedings. *Id.* at 108.

Kavanaugh was not placed in grave peril by Phillips' deviation from the terms of the Motion in Limine. Even without using the term "molested," it was probable that the jury would have inferred from Phillips' testimony that Kavanaugh had admitted to his attorney that he molested the victim. This inference was made more likely by the subsequent testimony of the victim's mother. On cross-examination, Kavanaugh's trial attorney elicited the mother's version of Kavanaugh's admission. The mother's testimony clearly places Kavanaugh's admission in the context of admitting to allegations of molesting the victim. *See* Record at 392–94. We hold the court's admonishment for the jury to disregard Phillips' use of the term "molested" was sufficient.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.

---

**2.** In the same general discussion as his "fruits of the poisonous tree" argument, Kavanaugh does cite *Daymude v. State*, 540 N.E.2d 1263 (Ind.Ct. App.1989), *trans. denied*, and *Sims v. State*, 601 N.E.2d 344 (Ind.1992). These cases are inapplicable to the present case. In *Daymude*, this court held that a family therapist could not be compelled to disclose admissions made by the defendant during the course of court-ordered counseling sessions. 540 N.E.2d at 1268. In *Sims*, our supreme court also held that a family therapist could not testify regarding communications made by a client during the course of court-ordered sexual abuse counseling. 601 N.E.2d at

346. In both *Daymude* and *Sims*, the inadmissable statements were made during the course of court-ordered therapy sessions. Like the defendants in those cases, Kavanaugh was ordered to participate in family counseling. Unlike those cases, however, Kavanaugh's admission was not made during the course of a therapy session. It was made during a non-therapeutic meeting to which the trial court's counseling order did not apply. Thus, contrary to Kavanaugh's suggestion, he was not compelled to make an admission in contravention of his Fifth Amendment right to be free from compelled self-incrimination.