**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Oct 04 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARCEL D. JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1201-CR-28 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1107-FB-64

**October 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Marcel D. Johnson appeals his convictions of Class B felony dealing in cocaine[1] and Class A misdemeanor possession of marijuana.[2] He presents three issues for our review:

1. Whether the trial court abused its discretion when it denied Johnson's request for mistrial;

2. Whether Johnson's Sixth Amendment right to confront witnesses against him was violated; and

3. Whether the State presented sufficient evidence to convict Johnson.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 25, 2011, Johnson participated in a controlled drug buy with a confidential informant, John Grimes. While under police surveillance, Grimes contacted Johnson, indicated he wished to purchase cocaine from Johnson, and met Johnson at a gas station. Police gave Grimes money to purchase the cocaine, outfitted him with audio and video recording equipment, and watched the drug transaction. Grimes approached a vehicle on the passenger side, where Johnson was seated, had hand to hand contact with Johnson, and returned to the officers with .22 grams of cocaine.

Officers approached the vehicle and arrested Johnson and the driver. They found marijuana in the passenger side seat compartment. At the police station, Johnson told officers, "It's all my fault, it's me, [the driver] had nothing to do with it." (Tr. at 74.)

---

[1] Ind. Code § 35-48-4-1.
[2] Ind. Code § 35-48-4-11.

The State charged Johnson with Class B felony dealing in cocaine and Class A misdemeanor possession of marijuana. A jury found Johnson guilty as charged, and the trial court sentenced him to an aggregate sentence of twelve years incarcerated.

## DISCUSSION AND DECISION

### 1.   Denial of Mistrial

A mistrial is an "extreme remedy that is warranted only when less severe remedies will not satisfactorily correct the error." *Francis v. State*, 758 N.E.2d 528, 532 (Ind. 2001). "On appeal, the trial judge's discretion in determining whether to grant a mistrial is afforded great deference because the judge is in the best position to gauge the surrounding circumstances of an event and its impact on the jury." *McManus v. State*, 814 N.E.2d 253, 260 (Ind. 2004), *reh'g denied*. "When determining whether a mistrial is warranted, we consider whether the defendant was placed in a position of grave peril to which he should not have been subjected; the gravity of the peril is determined by the probable persuasive effect on the jury's decision." *James v. State*, 613 N.E.2d 15, 22 (Ind. 1993). Reversal is usually not required if the trial court admonished the jury to disregard the complained-of statement or conduct. *Simmons v. State*, 760 N.E.2d 1154, 1162 (Ind. Ct. App. 2002).

The trial court granted Johnson's motion in limine to exclude any reference at trial to Johnson's prior drug deals with Grimes. However, during trial, the following exchange occurred between the prosecutor and Officer Smith:

[State]:    At some point, did you have Mr. Grimes contact the person that
            you could buy from?
[Smith]:    Yes.
[State]:    Okay.  And did he suggest a location where the buy would

3

occur?

[Smith]: Mr. Grimes had given us information that he had bought crack cocaine before from several different locations from the defendant.

(Tr. at 151.) Johnson immediately objected and moved for a mistrial, arguing Officer Smith's testimony violated the motion *in limine*. The trial court denied Johnson's request and instead admonished the jury:

[Court]: All right. Ladies and gentlemen, the last statement from the detective is hearsay. I'm going to admonish you to disregard that statement.

The statement about any prior contact with the confidential informant and the defendant will be disregarded by you during deliberations, not to be considered as any evidence in this matter.

(*Id*. at 154-55.) Johnson argues on appeal the trial court abused its discretion when it denied his motion for mistrial because the statement placed him "in a position of grave peril." (Br. of Appellant at 6.) We disagree.

Our Indiana Supreme Court has identified a number of factors relevant to whether striking improper testimony and admonishing the jury sufficiently cure any error:

(1) the effect of constitutional provisions, statutes or rules relating to harmless error; (2) the degree of materiality of the testimony; (3) other evidence of guilt; (4) other evidence tending to prove the same fact; (5) other evidence that may cure the improper testimony; (6) possible waiver by the injured party; (7) whether the statement was volunteered by the witness and whether there had been deliberate action on the part of the prosecution to present the matter to the jury; (8) the penalty assessed; (9) whether or not the testimony, although volunteered by the witness, was in part brought out by action of the defendant or his counsel; (10) the existence of other errors; (11) whether the question of guilt is close or clear and compelling; (12) the standing and experience of the person giving the objectionable testimony; and (13) whether or not the objectionable testimony or misconduct was repeated.

4

*White v. State*, 257 Ind. 64, 69, 272 N.E.2d 312, 314–15 (1971). We will examine a number of these factors.

That Grimes and Johnson had been involved in drug transactions in the past could reasonably be inferred from the fact Grimes knew he could contact Johnson to arrange a drug deal with him. The officer's reference to the relationship was fleeting, and the jury was immediately admonished not to consider the testimony for multiple reasons. Finally, the evidence of Johnson's guilt was strong - Johnson admitted he was involved in the crime, and the transaction occurred in clear view of the officers. Police saw Grimes complete the transaction on the passenger side of the vehicle, where Johnson was seated, and the money provided for the controlled buy was found in Johnson's possession. Therefore, we cannot hold the trial court abused its discretion when it denied Johnson's motion for mistrial. *See, e.g., Owens v. State*, 937 N.E.2d 880, 894 (Ind. Ct. App. 2010) (violation of motion in limine cured by admonishment and striking of statement), *reh'g denied*.

2.    Sixth Amendment Rights

The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." The Indiana Constitution expands this right to include "the right . . . to meet witnesses face-to-face." Ind. Const., Art. 1, § 13(a). Our Indiana Supreme Court has interpreted this right "requires that a defendant be afforded an opportunity to conduct effective cross-examination of the State's witnesses in order to test their believability." *Kilpatrick v. State*, 746 N.E.2d 52, 59 (Ind. 2001). Johnson argues he was denied his Sixth Amendment right to

5

confront Grimes, who did not testify at Johnson's trial. We disagree, because Grimes was not a witness against Johnson at trial, and thus the Sixth Amendment does not apply to this situation. *See Parker v. State*, 773 N.E.2d 867, 871 (Ind. Ct. App. 2002) (Parker not deprived of right of confrontation because informant's role was "collateral" and, as such, he was not a witness against Parker).

### 3. Sufficiency of the Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

#### a. Class B felony dealing in cocaine

To prove Johnson committed Class B felony dealing in cocaine, the State must have presented evidence that he knowingly or intentionally delivered cocaine to another person. Ind. Code § 35-48-4-1(a). At trial, the State presented evidence Grimes called Johnson to arrange to purchase cocaine, Johnson was present at the scene of the controlled buy, the

6

controlled buy occurred on the passenger side of the vehicle where Johnson was seated, Grimes returned to the officers' car with cocaine, the money for the controlled buy was found in the center console of the vehicle, and Johnson told officers, "It's all my fault, it's me, [the driver] had nothing to do with it." (Tr. at 74.) Johnson's arguments that Grimes may have secreted the cocaine in his buttocks and that the driver was the person selling drugs are invitations for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court may not reweigh evidence or judge credibility of witnesses).

### b. Class A misdemeanor possession of marijuana

To prove Johnson committed Class A misdemeanor possession of marijuana, the State must have presented evidence he knowingly or intentionally possessed marijuana. Ind. Code § 35-48-4-11(1). Police found marijuana on the door sill of the passenger side of the vehicle next to where Johnson had been sitting. Johnson argues the State did not prove he "exercised control over the bag of marijuana or was aware of its presence." (Br. of Appellant at 12.) We disagree.

A conviction may rest on constructive possession of contraband. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). A person constructively possesses contraband when he has the capability and intent to maintain dominion and control over it. *Id*. When, as in the instant case, the possession of the premises in which the contraband is found is non-exclusive, the State must demonstrate intent with evidence of additional circumstances, such as:

> (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband like drugs in

7

settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns.

*Id.* The State presented sufficient evidence Johnson constructively possessed the marijuana. He was seated on the side of the vehicle where the marijuana was found, the marijuana was in plain view, and Johnson stated the driver was not involved in the commission of the crime.

## CONCLUSION

The trial court did not abuse its discretion when it denied Johnson's motion for mistrial based on Officer Smith's statement in violation of the motion *in limine* because the trial court properly admonished the jury not to consider the statement. Johnson's Sixth Amendment right to cross-examine Grimes was not violated because Grimes was not a witness during Johnson's trial. Finally, the State presented sufficient evidence to convict Johnson of Class B felony dealing in cocaine and Class A misdemeanor possession of marijuana. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.