## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2015, 9:32 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Michael P. Quirk | Gregory F. Zoeller |
| Muncie, Indiana | Attorney General of Indiana |
| | Larry D. Allen |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Christina L. Reber, | October 29, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A02-1503-CR-153 |
| v. | Appeal from the Delaware Circuit Court |
| State of Indiana, | The Honorable Marianne L. Vorhees, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 18C01-1204-FB-9 |

**Pyle, Judge.**

[1] Christina L. Reber ("Reber") appeals her conviction for Class C felony battery.[1] On appeal, she claims that the trial court erred in granting the State's motion in limine and that insufficient evidence existed rebutting her claim of self-defense. Concluding that Reber failed to preserve the trial court's limine ruling for appeal and that the record contained sufficient evidence to rebut her claim of self-defense, we affirm Reber's conviction.

[2] We affirm.

## Issues

1. Whether Reber preserved the trial court's ruling on the State's motion in limine for appeal.

2. Whether insufficient evidence existed rebutting Reber's claim of self-defense.

## Facts

[3] Reber had been involved in a romantic relationship with Dennis Newman ("Newman") for about eight months. Apparently, as of March 30, 2012, the relationship was over, unbeknownst to Reber. On the same day, Reber held a birthday party for her son and had invited Newman to attend. Newman did not attend the party. During the party, Reber learned that Newman had made

---

[1] IND. CODE § 35-42-2-1 (2012). We note that, effective July 1, 2014, a new version of this battery statute was enacted and that Class C felony battery is now a Level 5 felony. Because Reber committed this offense in 2012, we will apply the statute in effect at that time.

some negative remarks about a friend of Reber's. Reber believed that Newman did not come to the party in order to avoid a confrontation about his remarks.

[4] Later that evening, Newman received a phone call from Reber, but he did not answer it. Reber left a voice message and told Newman that he was "afraid to answer his phone" and "he should be." (State's Ex. 1). Reber eventually went to Newman's home and entered his house through his unlocked front door. Newman had not invited her inside, and he asked her to leave his house. Reber turned toward the front door, and Newman followed behind her. Instead of leaving, Reber turned toward Newman and slapped his face two to three times.

[5] After Reber slapped him, Newman saw "flashes in his eye" and felt excruciating pain in his testicles. (Tr. 73). After slapping him, Reber had placed her hands up Newman's gym shorts and had begun squeezing his testicles. To get Reber to release her grip on his testicles, Newman hit her two to three times on the top of her head. Reber let go, and Newman went to the bathroom. Newman checked his injuries and saw that Reber had torn his scrotum, causing pain and bleeding. Reber had not left Newman's home, and he asked her to call for help. Instead, she ran out of his front door.

[6] On April 4, 2012, the State charged Reber with aggravated battery as a Class B felony. The State later amended the charge to battery resulting in seriously bodily injury as a Class C felony. After numerous delays and continuances, a bench trial was scheduled for July 17, 2014. Before trial, the State filed a motion in limine to prevent Reber from mentioning allegedly irrelevant details

about her and Newman's past relationship. In response, Reber argued that emails and text messages between the two were relevant evidence toward Newman's character. Reber, however, did concede that some evidence in the motion was inadmissible.

[7] The trial court issued its ruling on the State's motion in limine and excluded the evidence as conceded by Reber. As for the rest of the motion, the trial court ruled that it would entertain admitting the remaining evidence if Reber complied with the requirements of Indiana Rule of Evidence 404(b). The trial went on as scheduled, and, by agreement, both parties submitted proposed findings of fact and written arguments instead of closing argument at trial. The trial court entered its findings of fact and conclusions thereon and found Reber guilty on August 27, 2014. Reber now appeals.

# Decision

[8] On appeal, Reber essentially argues that the trial court erred in its ruling on the motion in limine and that there was insufficient evidence to rebut her claim of self-defense. We address her arguments in turn.

## 1. Motion in Limine

[9] Reber argues that the "[t]rial [c]ourt erred in excluding evidence of text messages, emails, conversations or other communications [relating]" to their past sexual and violent encounters. (Reber's Br. 16). We note, however, that the trial court did not exclude this evidence. Rather, the trial court instructed Reber to submit specific instances to be considered in accordance with Rule

404(b).  (App. 125-26).  Not only did Reber not submit any 404(b) evidence prior to trial, she also did not seek to offer any evidence of the kind during trial.

[10]  "'A motion in limine is not a final ruling on the admissibility of evidence, and a ruling on the motion does not preserve the error for appeal.'"  *Watson v. State*, 972 N.E.2d 378, 386 (Ind. Ct. App. 2012) (quoting *Simmons v. State*, 760 N.E.2d 1154, 1158 (Ind. Ct. App. 2002) (internal citations omitted)).  In order to preserve an error in the overruling of a pre-trial motion in limine for appellate review, a party must do more than challenge the ruling on the motion in limine. *Hollowell v. State*, 753 N.E.2d 612, 615 (Ind. 2001).  Absent either a ruling admitting evidence accompanied by a timely objection or a ruling excluding evidence accompanied by a proper offer of proof, there is no basis for a claim of error.  *Id*. at 616; *See also* Ind. Evidence Rule 103(a).  Here, because there was no ruling at trial excluding her evidence, Reber has no ability to claim error, and her argument regarding the trial court's ruling on the motion in limine fails.

**2. Sufficiency**

[11]  Reber does not dispute the fact that she battered Newman and caused serious bodily injury.  Instead, her challenge to the sufficiency of the evidence is that the State failed to present sufficient evidence to rebut her claim that she battered him in self-defense.

[12]  The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim.  *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002).  We neither

reweigh the evidence nor judge the credibility of witnesses. *Id.* Additionally, if there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

[13] A valid claim of self-defense is legal justification for an otherwise criminal act. *Coleman v. State*, 946 N.E.2d 1160, 1165 (Ind. 2011). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." IND. CODE § 35-41-3-2(c). However, a person is not justified in using force if the person has "entered into combat with another person or is the initial aggressor unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action." I.C. § 35-41-3-2(g)(3).

[14] In order to prevail on a claim of self-defense, a defendant must show: (1) she was in a place where he had a right to be; (2) she acted without fault; and (3) she had a reasonable fear of death or great bodily harm. *Coleman*, 946 N.E.2d at 1165. "When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements." *Wilson*, 770 N.E.2d at 800. "The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). *Id.* Whether the State has met its burden is a question of fact for the fact-finder. *Id.*

Reber argues that she presented a valid claim of self-defense because she had a key to Newman's house, only grabbed and squeezed Newman's testicles after he struck her, and because she had a reasonable fear of death or great bodily harm. However, the State's case-in-chief showed that Reber had no right to be in Newman's home and that she was the initial aggressor. Newman told Reber to leave his home and only hit her after she grabbed and squeezed his testicles. Essentially, Reber is asking us to reweigh the trial court's credibility determination between her and Newman, which we will not do. *See Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).

Because Reber did not preserve a claim of error regarding the trial court's motion in limine ruling and because the State's case-in-chief rebutted Reber's claim of self-defense, we affirm her conviction.

Affirmed.

Vaidik, C.J., and Robb, J., concur.