## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 22 2019, 7:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce E. Andis
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Larry Hehe,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | November 22, 2019<br><br>Court of Appeals Case No.<br>19A-CR-591<br><br>Appeal from the Lawrence<br>Superior Court<br><br>The Honorable John M. Plummer,<br>Judge<br><br>Trial Court Cause No.<br>47D01-1803-F3-411 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Larry Hehe was found guilty of dealing in methamphetamine, a Level 3 felony; possession of a narcotic drug, a Level 6 felony; possession of marijuana, a Class A misdemeanor; and possession of paraphernalia, a Class C misdemeanor. For these convictions, Hehe was sentenced to a total of nine years in the Indiana Department of Correction. Hehe appeals his conviction of dealing in methamphetamine, raising one issue for our review: whether the trial court erred by admitting State's Exhibit 10 into evidence over Hehe's hearsay objection. Concluding the trial court abused its discretion in admitting inadmissible hearsay but that such error was harmless, we affirm.

# Facts and Procedural History

[2] Around 10:30 p.m. on March 10, 2018, Hehe was pulled over by Mitchell Police Department Officers Michael Williams and Clayton Blackburn for driving with a broken windshield and driving left of the center line on State Road 60 East in Lawrence County. Thirty seconds after the initial stop, Officer Shaun Cabral arrived with his K-9 partner, Edo, to assist. Edo was certified to detect methamphetamine, heroin, cocaine, crack cocaine, and marijuana.

[3] After Hehe was pulled over, he exited the vehicle and began walking toward the officers with his hands in his pockets. The officers instructed Hehe to remove his hands from his pockets and conducted a pat down search for weapons.

Officers then asked Hehe to produce his driver's license. Hehe provided the officers with a state identification card because his driver's license was suspended. When asked if there were any illegal substances in the car, Hehe replied, "Not that I'm aware of." Transcript of Evidence, Volume II at 50.

[4] Officer Cabral walked Edo around Hehe's car to perform a canine sniff. Edo alerted to the back driver's side door and back passenger's side door, indicating that he smelled an illegal substance in the vehicle. Based on Edo's alert, the officers searched the car. Upon searching Hehe's car, officers found a glass pipe that contained methamphetamine residue, a straw used to snort methamphetamine, marijuana, a single pill of prescription oxycodone, and four plastic baggies. Two of the plastic baggies contained approximately 3.50 grams of methamphetamine each, the third plastic baggie contained 0.84 grams of methamphetamine, and the fourth plastic baggie contained .11 grams of methamphetamine.

[5] Hehe was placed under arrest and found to be carrying $1,100 in cash with bills ranging from $20 to $100. Hehe was also carrying a cell phone. Officers obtained a warrant to search the contents of Hehe's cell phone. The cell phone contained a string of text messages sent and received between March 6 and March 10, 2018, between Hehe and a phone number with an (812) area code:

> [Received (March 6, 2:24 pm):] What's a ball
>
> [Sent (March 6, 2:25 pm):] Two u one seventy five

[Sent (March 6, 2:30 pm):] 175 to you 200 to everyone else an I bring it ok

[Sent (March 6, 2:33 pm):] Doesnt say if u want that or not well do ya

[Received (March 6, 2:37 pm):] Yes I just took money out yes yes yes

[Sent (time unknown):] Today like before lunch i could take off here shortly if i can take shower when get there maybe spend evening n leave in morn f ok lng drive u want ball rite

[Received (March 9, 10:02 am):] Yes ball yes shower I may have to go to art show for harmonies tonight and I'm leaving early in the morning for Louisville But I'm leaving work at 11 today

[Sent (time unknown):] You still wanna ball or need a ball try to do today last night was a screwed up deal I explane later

[Received (March 10, 8:33 am):] Bring 2 F**K it But I won't be home til this evening I can text when I'm headed back from Louisville

[Sent (March 10, 8:35 am):] Bring two u got the cash i got the i cream tell me before i head ur way

[Received (March 10, 8:35 am):] Its really easy to get here but do u want 65 or back way Go to 50 and come south on 135

[Sent (time unknown):] What time in the evening an do you want two of em let me know what time u be home I try be there my dear

[Received (March 10, 8:41 am):] I hate to give a time because aren't on schedule so idk. .but I can let u know when I am headed this way should be b4 6…could be in few hours idk…]

Exhibit Index, Volume I at 12-28, State's Exhibit 10.[1]

The State charged Hehe with Count I, dealing in methamphetamine, a Level 3 felony; Count II, possession of methamphetamine, a Level 5 felony; Count III, possession of a narcotic drug, a Level 6 felony; Count IV, maintaining a common nuisance, a Level 6 felony; Count V, possession of marijuana, a Class A misdemeanor; and Count VI, possession of paraphernalia, a Class C misdemeanor. On January 23, 2019, a bench trial was held on these charges. The State moved to admit into evidence an exhibit containing photographs of the text messages found on Hehe's phone. Hehe objected, arguing that the "received" messages in the text message stream were messages from an

---

[1] Hehe has reproduced these text messages in his brief using blue colored type for received messages and red colored type for sent messages. Appellate Rule 43(C) requires a brief to be produced using black type only. *See Stroud v. Stone,* 122 N.E.3d 825, 829 n.4 (Ind. Ct. App. 2019).

unidentified third party and therefore hearsay. The State argued in response that the messages were "on Mr. Hehe's phone, which indicates that he exercised control over them and read them and they go to his state of mind and his intent[.]" Tr., Vol. II at 42. The trial court overruled Hehe's objection and admitted the exhibit.

[7] After the State had presented its case-in-chief, Hehe moved to dismiss all counts under Indiana Trial Rule 41(B). The trial court granted his motion as to the charge of maintaining a common nuisance but denied the motion as to all other counts. At the end of the trial, the trial court found Hehe guilty of all remaining counts.

[8] On February 12, 2019, a sentencing hearing was held at which the trial court entered judgments of conviction on Counts I, III, V, and VI. The trial court vacated Count II to avoid a double jeopardy issue. Hehe was sentenced to a total of nine years in the Indiana Department of Correction. Hehe now appeals his conviction of dealing in methamphetamine.

# Discussion and Decision

## I. Standard of Review

[9] Generally, the admission of evidence is within the sound discretion of the trial court, and we afford that discretion great deference on appeal. *Hall v. State,* 36 N.E.3d 459, 466 (Ind. 2015). We therefore review a trial court's admission of evidence only for an abuse of discretion. *McVey v. State,* 863 N.E.2d 434, 440

(Ind. Ct. App. 2007), *trans. denied*. "An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court." *Id.*

[10] We reverse a trial court's erroneous decision to admit evidence only when the decision affects a party's substantial rights. *Id.* However, "[a]ny error caused by the admission of evidence is harmless error for which we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence appropriately admitted." *Id.* In other words, "[t]he improper admission of evidence is harmless error when the conviction is supported by such substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Wickizer v. State,* 626 N.E.2d 795, 800 (Ind. 1993).

## II.  Hearsay

[11] Hehe contends the "received" text messages from the unidentified person constitute hearsay. "Hearsay" is defined as an out-of-court statement offered to prove the truth of the matter asserted. Ind. Evidence Rule 801(C). The text messages in question constitute out-of-court statements offered to prove the truth of the matter asserted, namely that Hehe intended to deliver the methamphetamine found in the vehicle to the unidentified person. They are, therefore, hearsay.

[12] Hearsay is not admissible unless it falls within an exception to the hearsay rule. Evid. R. 802. The State responded to Hehe's objection at trial by arguing that

the text messages fell within the exception found in Indiana Evidence Rule 803(3), which creates, regardless of whether the declarant is available as a witness, "a hearsay exception for statements of the declarant's then-existing state of mind at the time the statement was made. State of mind, as that term is defined, may include emotion, sensation, physical condition, intent, plan, motive, design, mental feeling, pain, and bodily health." *Camm v. State,* 908 N.E.2d 215, 226 (Ind. 2009). Upon hearing this argument, the trial court admitted the text messages over Hehe's objection.

[13] The State also argues on appeal that the received text messages fit within the exception provided by Indiana Evidence Rule 803(3) because they "demonstrate the purchaser's state of mind at the time Hehe was communicating with him" and therefore demonstrate Hehe's intent to deal. Brief of Appellee at 8.

[14] However, Indiana Evidence Rule 803(3) applies to the *declarant's* state of mind and cannot be used, as it was here, to prove *Hehe's* intent. *See Camm*, 908 N.E.2d at 226 (holding that although state-of-mind declarations are admissible under Rule 803(3) to prove the conduct of the declarant, "they are not admissible when offered to prove a third party's conduct"). Hehe was not the declarant of these messages, he merely received them, and the declarant's state of mind as to his or her own course of conduct is not admissible to prove Hehe's conduct. The State has offered no other exception allowing for admission of the exhibit. Thus, the trial court erred when it allowed the text messages from the purchaser to be admitted into evidence.

# III. Harmless Error

[15] Having concluded the trial court erred in admitting inadmissible hearsay, we address whether such error was harmless. "An error will be found harmless if its probable impact on the [fact finder], in light of all evidence in the case, is sufficiently minor that it did not affect the substantial rights of the party." *Simmons v. State,* 760 N.E.2d 1154, 1160 (Ind. Ct. App. 2002). The substantial rights of a party are not affected if the conviction is supported by independent evidence of guilt such that there is little likelihood the challenged evidence contributed to the judgment. *Smith v. State*, 114 N.E.3d 540, 544 (Ind. Ct. App. 2018). Further, "we will not reverse a conviction if the erroneously admitted evidence was cumulative of other evidence appropriately admitted." *McVey,* 863 N.E.2d at 440.

[16] Hehe was charged with dealing in methamphetamine, which requires proof that he possessed methamphetamine with the intent to deliver it. Ind. Code § 35-48-4-1.1(a)(2)(A). He was charged with a Level 3 felony because the total amount of methamphetamine was at least five grams but less than ten grams. Ind. Code § 35-48-4-1.1(d)(1).

[17] Leaving aside the received text messages, the State admitted evidence that Hehe's vehicle contained four baggies containing a total of nearly eight grams of methamphetamine, $1,100 in cash, and a cellphone on which he sent text messages asking, "u wnt ball rite[,]" "still wanna ball or need a ball[,]" and "u got the cash i got the cream[.]" The last text was sent on March 10, the day

Hehe was pulled over. This evidence is similar to that presented in *Hape v. State,* 903 N.E.2d 977, 997-98 (Ind. Ct. App. 2009), *trans. denied*, where the court held that a combination of the amount of methamphetamine, the packaging of the methamphetamine in multiple plastic bags, a large amount of cash, and two cellular telephones constituted sufficient evidence to prove the defendant's intent to deliver methamphetamine.

[18] Thus, even though the trial court abused its discretion in admitting the received text messages, Hehe has not demonstrated the trial court committed reversible error because his conviction was supported by independent evidence of guilt.

# Conclusion

[19] The trial court abused its discretion in admitting inadmissible hearsay but such error was harmless in light of the other evidence presented. Thus, we affirm Hehe's conviction for dealing in methamphetamine.

[20] Affirmed.

Mathias, J., and Pyle, J., concur.