Anthony E. **NEUKAM**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 16A01–1002–CR–50.**

Court of Appeals of Indiana.

Sept. 30, 2010.

Robert D. Wickens, Wickens & Wickens, LLC, Greensburg, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Anthony E. Neukam ("Neukam") was convicted in Decatur Circuit Court of Class C felony battery resulting in serious bodily injury and Class D felony criminal mischief. Neukam appeals and presents two issues, which we reorder and restate as:

I. Whether the trial court erred in denying Neukam's pre-trial motion to suppress the victim's identification of Neukam as his attacker; and

II. Whether the State presented sufficient evidence to support Neukam's convictions.

We affirm.

### Facts and Procedural History

Neukam fathered a child with his former girlfriend Jamie Dolan ("Dolan"), but Do-

lan had since started dating Carlos Aquino ("Aquino"). On December 28, 2008, Neukam sent Aquino a text message telling him not to talk to his "old lady," meaning Dolan. Tr. p. 203. In response, Aquino telephoned Neukam, who told Aquino to "watch [his] back." Tr. p. 204. After talking to Neukam, Aquino picked up Dolan and took her to his house, where the couple spent the night. The following morning, Aquino took Dolan back to her house. As Dolan walked toward her house, Neukam ran up to Aquino's car and began to attack it with a flashlight. Neukam's attack scratched and dented Aquino's car and broke the rear window. Aquino drove away and proceeded to work, but Neukam followed him in a black Ford Explorer.

Aquino arrived at his place of work and opened his car door to exit the vehicle. As he did so, Neukam attacked him with the flashlight. Aquino kicked Neukam in an attempt to push him away from the door, but Neukam hit Aquino on the leg, causing a laceration. Neukam continued to swing the flashlight at Aquino, but missed and hit the car instead. When Neukam momentarily dropped the flashlight, Aquino got out of the car and lunged at Neukam to prevent him from retrieving the flashlight. Neukam got the flashlight back before Aquino could stop him, and struck Aquino in the head and face with the instrument. These blows caused Aquino to lose consciousness and caused severe lacerations to his head.

Aquino was taken to the hospital, where his leg and head wounds were treated. It took five to six stitches to close the wound on Aquino's leg and eighteen staples to close the wound on his head. At the hospital, Greensburg Police Officer Brendan Bridges ("Officer Bridges") asked Aquino about the attack. Aquino told Officer Bridges that "Anthony Neukam" was his assailant. Tr. p. 25. Although Aquino had never met Neukam, he had seen photos of Neukam in Dolan's house and on her MySpace.com web page. Officer Bridges asked Aquino to come to the police station when he was released from the hospital.

Meanwhile, Neukam returned to Dolan's house after the attack. As he wiped off the flashlight he used to beat Aquino, he told Dolan that he had "whooped Carlos' ass." Tr. p. 241. Dolan then received a telephone call from a friend informing her that Aquino had been taken to the hospital. As Dolan left with her friend to go to the hospital, she saw Neukam driving a black Ford Explorer. Later that day, Neukam sent Dolan a text message stating "They won't find me if you don't snitch." Tr. p. 243.

In the meantime, Officer Bridges began to look for Neukam. Dolan's father telephoned Neukam and told him to talk to the police. Neukam did so, but denied that he had attacked Aquino. Officer Bridges obtained Neukam's driving record from the BMV and, when Aquino came to the police station, Officer Bridges showed Aquino a photo of Neukam from the BMV record to confirm that this was the same Anthony Neukam that had attacked him. Aquino confirmed that the photo was of the man who had attacked him.

On January 12, 2009, the State charged Neukam with Class C felony battery resulting in serious bodily injury and Class D felony criminal mischief. Neukam subsequently filed a motion to suppress the out-of-court identification. The trial court held a hearing on Neukam's motion to suppress on November 16, 2009, and denied the motion at the conclusion of the hearing. A jury trial commenced the following day, and the jury found Neukam guilty as charged on November 18, 2009. On December 17, 2009, the trial court sentenced Neukam to four years on the bat-

tery conviction and a concurrent term of one and one-half years on the criminal mischief conviction. Neukam now appeals.

## I. Identification Evidence

Neukam argues that the trial court committed reversible error by overruling his motion to suppress Aquino's pre-trial identification. Specifically, he claims that the identification process was unduly suggestive because Officer Bridges showed Aquino only one photo that had Neukam's name on it. Thus, Neukam claims that "[t]he totality of the circumstances around the identification procedure indicates that it likely produced a mistaken identification and should have been suppressed." Appellant's Br. at 6. We disagree.

 We begin by noting that Neukam never objected at trial to the identification evidence of which he now complains. Although he did file a pre-trial motion to suppress this evidence, it is well settled that a motion to suppress is insufficient to preserve error for appeal. *Jackson v. State*, 890 N.E.2d 11, 15 (Ind.Ct.App.2008). To preserve any error for appeal, a defendant must instead reassert his objection at trial contemporaneously with the introduction of the evidence. *Id.* Therefore, Neukam failed to properly preserve his claim regarding the identification evidence. But even had Neukam properly preserved this issue, he would not prevail.

 "The Due Process Clause of the Fourteenth Amendment requires suppression of testimony concerning a pre-trial identification when the procedure employed is impermissibly suggestive." *Swigeart v. State*, 749 N.E.2d 540, 544 (Ind.2001). A pre-trial identification may occur in a manner so suggestive and conducive to mistaken identification that permitting a witness to identify a defendant at trial would violate due process. *Id.* A pre-trial photographic identification is imper-

missibly suggestive "if it raises a substantial likelihood of misidentification given the totality of the circumstances." *Id.*

 Here, the pre-trial identification procedure was not impermissibly suggestive. As the State correctly notes, Aquino was not identifying an unknown assailant. To the contrary, it was Aquino who initially and affirmatively told the police that his attacker was "Anthony Neukam." Tr. p. 25. Although Aquino had not previously met Neukam before the attack, he had seen pictures of him at Dolan's house and online. It was only after Aquino had identified Neukam by name that the police showed Aquino a photo of Neukam to confirm Aquino's earlier identification.

Although there appears to be no Indiana case directly on point, at least one other court has considered the same circumstances and reached the same conclusion. In *State v. Franklin*, 280 Kan. 337, 121 P.3d 447, 453 (2005), the victim identified her attacker by name and knew her address. A few days later, the police showed the victim a photograph of the defendant to "make certain that [the victim] and the police had the same person in mind." *Id.* The Kansas Supreme Court rejected the defendant's claim that this identification procedure was an impermissibly suggestive line-up. *Id.*

Here, Aquino knew what Neukam looked like from seeing photographs of Neukam at Dolan's home, and he told the police that Neukam was his attacker. The police showed Aquino Neukam's BMV photograph, not so that Aquino could identify an unknown assailant, but simply to confirm that the Anthony Neukam Aquino identified was the same person as the defendant. Under these circumstances, we cannot say that this identification was impermissibly suggestive. *See id.* Thus, even if Neukam had properly preserved his claim by making a contemporaneous

objection at trial, he would not prevail on the merits.

## II. Sufficiency of the Evidence

▮ Neukam also claims that there was insufficient evidence to support his convictions. Upon a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind.2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

Neukam notes that he and two other alibi witnesses, including his mother and a neighbor, testified that Neukam was elsewhere at the time of the attack on Aquino and that he therefore could not have committed the crimes. The evidence favoring the conviction, however, shows that Neukam had previously threatened Aquino to stay away from Dolan. Further, Aquino identified Neukam by name as the man who attacked him. And shortly after the attack, Neukam came to Dolan's house, wiped the flashlight he had used to beat Aquino, and admitted that he had "whooped" Aquino. Tr. p. 241. He later sent Dolan text messages asking her not to be a "snitch." *Id.* at 243. From this, the jury could reasonably conclude that Neukam was the individual who attacked Aquino and injured his leg and his head and caused extensive damage to his car. Neukam's argument to the contrary is simply a request that we reweigh the evidence, which we will not do.

## Conclusion

Aquino's pre-trial identification of Neukam as the individual who attacked him was not impermissibly suggestive, and the State presented sufficient evidence to support Neukam's convictions for Class C felony battery resulting in serious bodily injury and Class D felony criminal mischief.

Affirmed.

BAKER, C.J., and NAJAM, J., concur.