**FOR PUBLICATION**



ATTORNEYS FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN EVERITT DICKEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1212-CR-587 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Cecile A. Blau, Senior Judge
Cause No. 10C04-0911-FA-313

**December 13, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

John Everitt Dickey ("Dickey") was convicted in Clark Circuit Court of two counts of Class A felony child molesting and sentenced to an aggregate term of forty-five years, with five years suspended. Dickey appeals and presents one issue for our review: whether the trial court abused its discretion in admitting into evidence testimony that Dickey had been physically abusive both to the victim and to the victim's mother. Because Dickey failed to preserve this issue for appeal, we affirm.

### Facts and Procedural History

In 2003, Dickey lived with his then girlfriend, N.S., who had two daughters, one of whom was eight-year-old N.O. According to N.O., shortly after Dickey moved in, he became physically abusive toward N.S. Specifically, she stated that Dickey "hit her. He beat her up." Tr. p. 74. N.O. also stated that during one incident when Dickey physically abused her mother, she attempted to yell out a window for help. In response, Dickey grabbed her by her shirt, threw her across the room, and threw items at her. One of these items hit N.O. in the head and left a knot on her forehead. During another incident, Dickey began to physically abuse N.S., and N.O. attempted to run out of the house to seek assistance from her cousin. Dickey stopped N.O. by pulling her by her collar, then knocked her to the ground and kicked her in her sides. N.O. also stated that Dickey slapped her in the face once when she was crying and that this left a handprint on her face.

Shortly after these incidents of physical violence, N.O. came home from school and found Dickey in a bedroom ironing clothes. Dickey told N.O. to get undressed and lie down on a blanket on the floor. Dickey got on top of N.O. and attempted to penetrate her vagina

with his penis, but was initially unable to do so. He then took the girl to her mother's bedroom and told her to lie down on the edge of the bed. Dickey gave the girl lubricant and told her to rub it on his penis. She did so for several minutes, after which Dickey inserted his penis into her vagina. When Dickey heard N.S. arrive home, he stopped his molestation and told N.O. to clean herself up. He also told her that if she told anyone, he would hurt or kill both her and her family.

Dickey later molested N.O. during a second incident, which started when Dickey called N.O. into the house from playing outside. He told her to go to the bathroom and clean herself up. He then told her to sit on the edge of her mother's bed and remove her pants and underpants. Dickey then placed his mouth on N.O.'s genitalia.

N.O. did not immediately report these incidents. Several years later, when she was thirteen years old, N.O. told her cousin that Dickey had "raped" her. Tr. p. 97. When she was fourteen years old, N.O. went to the doctor for a wellness examination and was given a questionnaire. One of the questions asked if she had ever been touched in a way that made her feel uncomfortable. N.O. answered, "Yes." Tr. p. 60. When questioned by the physician about this, she told her about Dickey's behavior. The physician then reported N.O.'s allegations to the authorities.

On November 6, 2009, the State charged Dickey with two counts of Class A felony child molesting. Count I alleged that Dickey performed sexual intercourse with N.O., and Count II alleged that he performed criminal deviate conduct with N.O.[1] Dickey filed a motion

---

[1] The State later amended the charging information to alter the dates of the incidents alleged but did not otherwise alter the substance of the charges.

3

in limine seeking to exclude evidence of prior bad acts by Dickey pursuant to Indiana Evidence Rule 404(b).

> During a pre-trial hearing, the trial court ruled on this motion by stating that it would:

> not allow the State to bring in any of that [sic] additional things. In regards to any information concerning [N.O.], I think we're going to have to take that on a case by case basis or a fact by fact basis and see what occurs, and then [defense counsel] may want to renew your motion at that time in regards to any incident that would refer to [N.O.].

Tr. pp. 18-19. Then, immediately before trial, the parties and the trial court discussed the issue again. The trial court then stated:

> [I]n regards to testimony of [N.O.], any allegations she's making concerning physical abuse or other sexual advances during this same time frame, the Court is going to allow [it] in, if it comes in appropriately. *I would say, [defense counsel], you still have the right to object during trial for purposes of the record* and there may be some incident that the Court doesn't find relevant, but basically in regards to what we're discussing here, I'm going to allow that type of testimony to occur.

Tr. p. 36 (emphasis added).

During N.O.'s testimony, the State asked her, "at what point d[id] the things change where [Dickey] change[d] how he relate[d] to you and your mom?" Tr. p. 73. Dickey's counsel then interjected, "Your Honor, I'm going to renew our objection to this line of questioning at this time." Id. The trial court overruled the objection, and the State continued to elicit detailed testimony concerning Dickey's physical abuse of N.O. and her mother. Tr. pp. 73-79. Dickey's counsel, however, did not further object to this testimony, nor did she request a continuing objection. At the conclusion of trial, the jury found Dickey guilty as charged. The trial court subsequently sentenced Dickey to forty-five years on each count, to be served concurrently. The trial court also suspended five years of each sentence. Dickey now appeals.

4

## Discussion and Decision

On appeal, Dickey claims that the trial court abused its discretion when it admitted into evidence N.O.'s testimony concerning his prior physical abuse of N.O. and her mother. It is well settled that the admission of evidence is entrusted to the sound discretion of the trial court, and the trial court's decision on the admission of evidence will not be reversed on appeal absent a showing of manifest abuse of the trial court's discretion. Simmons v. State, 760 N.E.2d 1154, 1158 (Ind. Ct. App. 2002).

Prior to trial, Dickey filed a motion in limine seeking to exclude the evidence of his prior bad acts. However, a trial court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, and a motion in limine does not preserve the error for appeal. Id. Instead, in order to preserve error in the denial of a motion in limine, the party must also object to the admission of the evidence at the time it is offered. Id.

Here, when the State asked N.O. when Dickey's relationship with N.O. and her mother began to change, Dickey did object, and the trial court overruled this objection. However, the State then continued to ask N.O. questions that elicited detailed testimony regarding Dickey's past physical abuse of N.O. and her mother, all without further objection from Dickey. See Tr. pp. 73-79. Dickey's "renewed" objection to the initial question is insufficient to preserve for appeal the question of error regarding the further questioning by the State. See Hutcherson v. State, 966 N.E.2d 766, 770 (Ind. Ct. App. 2012) (holding that defendant's single objection during State's questioning of witness did not preserve error for appeal), trans. denied.

Of course, this is not to suggest that Dickey's only alternative was to object to each question by the State. To the contrary, a proper request for a continuing objection, if granted

by the trial court, is sufficient to preserve error. See id.; see also Hayworth v. State, 904 N.E.2d 684, 691-92 (Ind. Ct. App. 2009) (noting that continuing objections can preserve error on appeal and serve the useful purpose of avoiding the futility and waste of time inherent in requiring repetition of the same unsuccessful objection each time the evidence in question is offered). Here, however, Dickey did not seek a continuing objection.[2]

We therefore conclude that Dickey failed to preserve for appeal the sole issue he now presents to this court.[3] Accordingly, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and BROWN, J., concur.

---

[2] We note that our Supreme Court has amended Indiana Evidence Rule 103(b), effective January 1, 2014, to provide: "Once the court rules definitively on the record at trial a party need not renew an objection or offer of proof to preserve a claim of error for appeal." See Order Amending Rules of Evidence, No. 94S00-1301-MS-30 (Ind. Sept. 13, 2013), available at http://www.in.gov/judiciary/files/
order-rules-2013-0913-evidence.pdf. As this rule amendment was not in effect at the time of Dickey's trial, it is inapplicable to the present case.

[3] We also note that Dickey makes no argument under the fundamental error exception to the contemporaneous objection requirement. See Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010) (observing that a claim that has been waived by the failure to contemporaneously object can be reviewed for fundamental error, an "extremely narrow" exception to the contemporaneous objection requirement available only in "egregious circumstances").