## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 16 2020, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael D. Gross
Lebanon, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Emily Gail McFarling,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

November 16, 2020

Court of Appeals Case No.
20A-CR-73

Appeal from the Boone Superior Court

The Honorable Bruce E. Petit, Judge

Trial Court Cause No.
06D02-1706-F6-1069

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Emily Gail McFarling was convicted of operating a vehicle while intoxicated, a Level 6 felony; leaving the scene of an accident, a Class B misdemeanor; and admitted to being an habitual vehicular substance offender. The trial court sentenced McFarling to an aggregate of six years. McFarling now appeals raising two issues.[1] We find the following restated issue to be dispositive: whether McFarling waived her right to appeal the admission of evidence stemming from a traffic stop. We conclude that by not contemporaneously objecting when the challenged evidence was offered at trial, McFarling failed to preserve any error for appeal. Accordingly, we affirm.

# Facts and Procedural History

[2] On June 24, 2017, Kyle Burress was in the backyard of his friends' home, located at County Road 400 East in Boone County, when he heard a "loud bang" in front of the house. Transcript of Evidence, Volume 2 at 143. Burress walked out front to investigate when he heard a "second bang" and noticed a white truck with a trailer in the neighbor's driveway. *Id.* The truck was "moving back and forth" like it was stuck and there were a couple of other loud bangs.

---

[1] The two issues McFarling brings are: (1) "Whether the police had reasonable suspicion to support the investigatory stop of [] McFarling[;]" and (2) "Whether [] McFarling preserved the issue presented in Issue No. 1 for the purposes of appeal?" Brief of Appellant at 5. McFarling argues in Issue 1 that police did not have reasonable suspicion for the stop of her vehicle and any statements or evidence obtained as a result of the stop should have been suppressed and not admitted at trial. *See id.* at 11.

*Id.* The truck appeared to be hitting a utility pole. After seemingly getting free from the utility pole, the truck drove through the grass before getting back on the road and heading north. Burress then called 9-1-1. Burress gave the 9-1-1 operator his name, number, location, a description of the truck, and relayed what he just witnessed including the direction the truck and trailer had gone.

[3]   Officer Paul Baldwin of the Zionville Police Department was off duty and driving home when he "heard radio traffic of a hit and run" including the description of a "white Ford pick-up truck pulling a horse trailer." *Id.* at 155. Officer Baldwin located the truck approximately eight minutes after the radio call. Officer Baldwin believed that the truck did not stop at the stop sign at the intersection of County Road 275 North and County Road 600 East and stopped the vehicle. McFarling was the driver of the truck. After Officer Baldwin initiated the traffic stop, he waited for on-duty county officers to arrive before proceeding. Sergeant Craig Fouts and Deputy Neil Randolph of the Boone County Sheriff's Department were on duty and drove separately to the scene.

[4]   Sergeant Fouts arrived at the traffic stop first. Sergeant Fouts asked McFarling whether she had struck a pole and she responded that she may have. Sergeant Fouts noticed that McFarling had "glassy bloodshot eyes, slurred speech, [and] the odor of an alcoholic beverage coming from her person and vehicle." *Id.* at 183. Sergeant Fouts administered three field sobriety tests to McFarling: the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand. Sergeant Fouts testified that McFarling failed all three tests. *See id.* at 185-95.

[5] Deputy Randolph arrived while Sergeant Fouts was engaged with McFarling. He had first gone to the scene of the alleged hit and run and spoken to Burress. While there, Deputy Randolph noticed that the utility pole was tilted and took photographs. *See id.* at 171. Upon learning Sergeant Fouts and Officer Baldwin had located the suspect vehicle, Deputy Randolph drove to that location. Once there, Deputy Randolph also photographed the back of the trailer where there was some damage to the left side.

[6] After administering the field sobriety tests, Sergeant Fouts believed that McFarling had operated a motor vehicle while intoxicated; however, McFarling refused to submit to a chemical test so Sergeant Fouts applied for and was granted a search warrant. Sergeant Fouts took McFarling to the hospital to take blood for the test; however, she refused to cooperate, and no chemical test was done.

[7] On June 26, 2017, the State charged McFarling with operating a vehicle while intoxicated endangering a person, a Class A misdemeanor; operating a vehicle while intoxicated, a Class C misdemeanor; public intoxication, a Class B misdemeanor; and leaving the scene of an accident, a Class B misdemeanor. The State also pursued a habitual vehicular substance offender enhancement and an enhancement raising the operating while intoxicated charge from a Class C misdemeanor to a Level 6 felony because of a prior conviction.

[8] On August 20, 2018, McFarling filed a Motion to Suppress seeking to exclude all evidence from the traffic stop alleging the traffic stop was made without

reasonable suspicion. The trial court held a hearing on the Motion to Suppress to determine the validity of the traffic stop. The trial court denied McFarling's Motion to Suppress, finding that there was reasonable suspicion for Officer Baldwin to "make that initial stop, and then for Sergeant Fouts to do any follow up upon his observations of [McFarling] after he approached the vehicle." Tr., Vol. 2 at 53. McFarling made no objections when any of the evidence challenged in her Motion to Suppress was offered at trial.

[9] Following the jury trial, McFarling was found guilty of all charges brought before the jury. McFarling subsequently admitted to her prior convictions for purposes of the Level 6 felony and habitual vehicular substance offender enhancements during Phase II of the trial. At the sentencing hearing, the trial court merged the Class A operating a vehicle while intoxicated endangering a person, Class C operating a vehicle while intoxicated, and Class B public intoxication charges into the enhanced Level 6 operating a vehicle while intoxicated count, and entered judgment of conviction only for Level 6 operating while intoxicated and Class B misdemeanor leaving the scene of an accident. Appealed Order (December 12, 2019 Sentencing Order) at 3. The trial court sentenced McFarling to two years for operating a vehicle while intoxicated (concurrent with 180 days for leaving the scene of an accident), enhanced by four years for the habitual vehicular substance offender finding, for an aggregate sentence of six years. Four years were ordered to be executed at the Indiana Department of Correction with two years suspended to probation. McFarling now appeals.

# Discussion and Decision

[10] On appeal, McFarling claims that the trial court abused its discretion when it admitted evidence obtained as a result of a traffic stop conducted without reasonable suspicion of criminal activity.[2] It is well settled that the admission of evidence is entrusted to the sound discretion of the trial court, and the trial court's decision on the admission of evidence will not be reversed on appeal absent a showing of abuse of that discretion. *Dickey v. State*, 999 N.E.2d 919, 921 (Ind. Ct. App. 2013).

[11] Prior to trial, McFarling filed a Motion to Suppress to exclude all statements or evidence obtained as a result of the traffic stop. However, a ruling on a pretrial motion to suppress "is not intended to serve as the final determination of admissibility because it [is] subject to modification at trial." *Cochran v. State*, 843 N.E.2d 980, 982-83 (Ind. Ct. App. 2006), *trans. denied*, *cert. denied*, 549 U.S. 1122 (2007). Therefore, "the trial court's denial of a motion to suppress is insufficient to preserve error for appeal." *Hollingsworth v. State*, 907 N.E.2d 1026, 1029 (Ind. Ct. App. 2009) (quotation omitted). Instead, to preserve error in the denial of a motion to suppress, the party must "reassert [her] objection at

---

[2] Because we hold that McFarling waived this issue, we need not address whether there was reasonable suspicion for the traffic stop. However, it is well established in Indiana that a tip from a concerned citizen may justify an investigatory stop if it is sufficiently reliable. *Russell v. State*, 993 N.E.2d 1176, 1180 (Ind. Ct. App. 2013). The reliability of a concerned citizen tip "generally must be established by reference to underlying facts and circumstances which indicate that the information is trustworthy." *State v. Renzulli*, 958 N.E.2d 1143, 1147 (Ind. 2011). Burress provided the 9-1-1 operator with his name, the location of the incident, a description of the vehicle, and the direction the vehicle was headed. Additionally, the information was corroborated when Deputy Randolph spoke to Burress. The information was sufficiently trustworthy.

trial contemporaneously with the introduction of the evidence." *Neukam v. State*, 934 N.E.2d 198, 201 (Ind. Ct. App. 2010).

[12] McFarling concedes that, generally, "[w]hen a motion to suppress has been overruled, . . . one must object at trial at the time the evidence is presented to preserve any error for appeal." Br. of Appellant at 18 (citing *Wagner v. State*, 474 N.E.2d 476, 484 (Ind. 1985)). However, McFarling argues that a "definitive ruling in *limine* preserves an issue for appellate review without the need for later objection[.]" *Id.* (quoting *Wilson v. Williams,* 182 F.3d 562, 563 (7th Cir. 1999)). We disagree.

[13] *Wilson* is federal law that we find unpersuasive. *Wilson* concerns a motion in *limine*, which is distinct from a motion to suppress. *See Lagenour v. State*, 268 Ind. 441, 376 N.E.2d 475, 450 (1978) (differentiating motions in *limine,* which seek to prevent potentially prejudicial matter from being presented to a jury until the trial court can rule upon its admissibility in the context of the trial, and motions to suppress, which seek to absolutely prohibit use of certain evidence). Further, even if we were to apply the motion in *limine* standard for preserving error to this case, McFarling's argument would fail. Our supreme court has consistently held that "in order to preserve error in the overruling of a pre-trial motion in *limine*, the appealing party also must have objected to the admission of the evidence at the time it was offered." *Clausen v. State,* 622 N.E.2d 925, 927 (Ind. 1993). Failure to object at trial to the admission of the evidence results in waiver of the error. *Id.*

[14]   There are a few exceptions to the requirement for contemporaneous objections to preserve an issue for appeal.[3] For example, Indiana recognizes continuing objections "to avoid the futility and waste of time inherent in requiring repetition of the same unsuccessful objection each time a party offers evidence of a given character." *Hutcherson v. State*, 966 N.E.2d 766, 770 (Ind. Ct. App. 2012), *trans. denied*. Further, our supreme court has held that when, during a pretrial hearing, a "judge provide[s] explicit assurance that an objection . . . [will be] preserved for appeal[,]" contemporaneous objections are not necessary. *Vehorn v. State*, 717 N.E.2d 869, 873 (Ind. 1999).

[15]   McFarling concedes that no objections were made when any of the evidence challenged in the motion to suppress was offered at trial, but she directs us to the following exchange which occurred during Phase II of the trial:

> [Defense Counsel]: Your Honor, I'd like to inform the Court that my client has impressed upon me her desire to stipulate to [her prior convictions]. However first I'd like to make sure that the record is made and the suppression issue is preserved for purposes of appeal just in case my client wishes to appeal at some point in the future.
>
> BY THE COURT: Your, we would show that there was a Motion to Suppress which the Court did deny where the issues were raised with regard to the, the actual stop of the truck and

---

[3] A claim that has been forfeited by a party's failure to make a timely objection can also be reviewed on appeal under the narrow fundamental error exception. *See Laird v. State*, 103 N.E.3d 1171, 1176 (Ind. Ct. App. 2018), *trans. denied*. However, McFarling does not raise the issue of fundamental error.

trailer by Officer Baldwin and any subsequent investigations that occurred after that stop.

Br. of Appellant at 17-18 (quoting Tr., Vol. 3 at 3).

[16] McFarling does not elaborate as to the purpose of including this exchange in her brief. Generally, arguments presented by the appellant must be supported by cogent reasoning. *See* Ind. Appellate Rule 46(A)(8)(a). To the extent she argues by its inclusion that she *did* preserve the error, we disagree. First, the exchange did not occur at the pretrial hearing so the *Vehorn* exception does not apply. *See Vehorn,* 717 N.E.2d at 873 (holding explicit assurance given *at pretrial hearing* was an exception to the contemporaneous objection requirement). Further, the exchange took place during Phase II of the trial, so it occurred too late to fall under the continuing objection exception. *See* Indiana Rules of Evidence 103(b) ("Once the court rules definitively on the record *at trial* a party need not renew an objection or offer of proof to preserve a claim of error for appeal.") (emphasis added); *Laird*, 103 N.E.3d at 1176 (holding "[o]ur conclusion [that the defendant did not preserve the issue for appeal] is not altered by the fact that [he] made a 'continuing' objection prior to the State's closing argument. At that point, the evidence in question had already been presented to the jury, and it was too late to make a continuing objection"), *trans. denied*. Thus, we do not believe McFarling's "objection"—to the extent it can be called that—after the jury's verdict falls within one of the exceptions to the requirement that objections be contemporaneous to preserve error for appeal. McFarling did not object when evidence from the traffic stop was introduced, and she has

therefore waived consideration of the issue of whether the police had reasonable suspicion to support the investigatory stop during which the evidence was procured.

# Conclusion

Concluding that McFarling failed to preserve the admissibility of evidence issue because she did not contemporaneously object to the evidence as it was offered, we affirm.

Affirmed.

Crone, J., and Brown, J., concur.